## Case No. 6,469.

### HIGGINS v. UNITED STATES MAIL STEAMSHIP CO.

### [3 Blatchf. 282.] [1]

Circuit Court, S. D. New York.　May 30, 1855.

#### BILL OF LADING—DELIVERY OF CARGO—USAGE.

1. Where a bill of lading of a cargo of coal, from New York to Havana, made no mention of the number of days within which the coal should be discharged: *Held*, that evidence of an oral contract that the vessel was not to be detained more than twelve running days in discharging her cargo, was inadmissible.

[Cited in Dixon v. Columbus & I. R. Co., Case No. 3,929.]

2. The usage as to the delivery of cargoes of coal at Havana, must govern the delivery under such bill of lading.

[Cited in Kenyon v. Tucker, 17 R. I. 532, 23 Atl. 62.]

3. As the shipper of the coal had a particular wharf at Havana, where all his coal was landed, the vessel was bound to discharge it there, and to conform to the usage as to its delivery, and could complain of no delay in the delivery, except such as was in violation of such usage.

[Cited in Addicks v. Three Hundred and Fifty-Four Tons of Crude Kainit, 23 Fed. 730.]

4. The shipper was bound to afford accommodation for the delivery according to such usage, and such obligation was a maritime contract, a breach of which could be sued on in a court of admiralty.

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel in personam, filed in the district court by the owner of the barque Kanawha, to recover damages for her unreasonable detention at Havana. After a decree in favor of the libellant [Aaron G. Higgins], the respondents appealed to this court.

Charles Donohue, for libellant.

Edward H. Owen, for respondents.

NELSON, Circuit Justice. The Kanawha was freighted by the respondents with coal from New York to Havana; and it is claimed that, according to the contract of affreightment, the vessel was to be detained not exceeding twelve running days in the discharge of her cargo, whereas she was, in fact, detained some twenty-seven days in addition.

The bill of lading, signed by the master of the Kanawha, the only written contract between the parties, makes no mention of the number of days within which the coal should be discharged. It is in the usual form, and stipulates that it is "to be delivered in like good order and condition at the aforesaid port of Havana, (dangers of the sea excepted), unto Messrs. Drake & Co., or to their assigns, he or they paying freight at one dollar per ton, with five per cent. primage, and average accustomed." The limitation as to the number of running days in the discharge of

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

the coal is sought to be made out by oral evidence; and we have the testimony of the agent of the owner on one side, and of the shippers on the other, directly in conflict on the subject.

It is undoubtedly true, that this instrument is open to explanation, to a certain extent, as between the original parties, to correct mistakes or imposition upon the master. So far as it partakes of the nature of a receipt, it may properly be explained, and is not conclusive. But I have seen no case that has gone the length of varying a contract by parol, in respect to a matter such as that in question here. According to the construction of the bill of lading, excluding interpolations by oral evidence, the delivery of the coal would be governed by the custom and usage of the delivery of cargoes of that description at the port of Havana. The oral evidence, therefore, changes entirely the legal effect of the instrument. Even were I more doubtful than I am as to the application of the rule excluding parol evidence of the contract, the omission to insert it in the bill of lading would lead me to incline in favor of the testimony of the witness who denies that any such contract was made. Whether it was made or not depends upon the evidence of the two parties who entered into the contract of shipment. Their evidence, as I have said, is directly in conflict. I therefore lay out of the case the oral agreement set up by the libellant.

Then, as to the delivery of the coal. The respondents were in possession of a particular dock or wharf at Havana, where all the coal shipped for their line of steamers was landed; and I am inclined to think that the master of the Kanawha was right in supposing that he was bound to discharge his cargo at that place. Indeed, upon the evidence, it would seem to have been the only place where the cargo could be discharged at that port. Being obliged to discharge it there, he was also necessarily obliged to conform to the usage and practice that existed regulating the delivery; and which was, as but two vessels could discharge at a time, to wait for his turn. One vessel, over which he was entitled to preference, was permitted to discharge her cargo before him. She was engaged seven days in her delivery, and of this delay he had a right to complain. The court below found the delay to have been twenty-seven days; but this finding was based upon the oral contract, which I have disregarded.

An objection is taken to the jurisdiction of the court below, upon the ground that the breach of contract complained of is not the breach of a maritime contract. But this is a misapprehension. According to my interpretation of the contract of shipment, the respondents were bound to afford accommodation at their wharf to the Kanawha, for the delivery of the coal, according to the usage and custom of vessels engaged in its shipment. The contract is a maritime contract,

over which the court had jurisdiction, and for a breach of it the libel is brought. The refusal to permit the discharge of the cargo according to the usage of the place, was as much a breach of the contract as would have been a refusal to pay the freight, or to accept the cargo at all, where the bill of lading provided for acceptance.

I must, therefore, reverse the decree below, and, unless the parties agree upon the damages for the seven days' detention, a reference must be made to the clerk, to ascertain them, in conformity with this opinion, without costs on either side.